Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Cheryl T. Burgess (CA SBN 250,101)
cheryl.burgess@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Robert Servillo (CA SBN 347,114)
robert.servillo@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
**Trove Brands, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC, a Utah limited liability company, | ) Case No. ___3:23-cv-4267_____ |
| Plaintiff, | ) **COMPLAINT FOR** |
| | ) **DECLARATORY JUDGMENT OF** |
| | ) **NON-INFRINGEMENT OF U.S.** |
| v. | ) **PATENT NOS. 8,905,252; 9,463,911;** |
| | ) **10,676,255; and 11,242,178** |
| CAMELBAK PRODUCTS, LLC AND VISTA OUTDOOR INC. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |
| | ) |

Plaintiff Trove Brands, LLC, ("Trove Brands" or "Plaintiff") for its Complaint against Camelbak Products, LLC ("Camelbak") and Vista Outdoor Inc. ("Vista Outdoor") (collectively "Defendants"), hereby alleges as follows:

## I.  NATURE OF THE ACTION

1.    This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This action seeks a determination that Trove Brands does not infringe any claim of United States Patent Nos. 8,905,252 ("the '252 Patent"); 9,463,911 ("the '911 Patent"); 10,676,255 ("the '255 Patent"); or 11,242,178 ("the '178 Patent") (collectively, the "Asserted Patents").

2.    Defendants have claimed that Trove Brands infringes the Asserted Patents by manufacturing, offering for sale, and/or importing into the United States water bottles that infringe one or more claims of the Asserted Patents.  Defendants' affirmative allegations of infringement of the Asserted Patents have created a justiciable controversy between Trove Brands and Defendants.

3.    As a result of Defendants' claim that certain of Trove Brands' products infringe the Asserted Patents, Trove Brands is under reasonable apprehension of suit by Defendants.

## II.  THE PARTIES

4.    Plaintiff Trove Brands is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

5.    Trove Brands is informed and believes, and based thereon alleges, that Defendant Camelbak Products, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 2000 South McDowell Blvd., Suite 200, Petaluma, California 94954. Trove Brands is further informed and believes, and based thereon alleges, that Camelbak is a wholly-owned subsidiary of Vista Outdoor Inc.

COMPLAINT FOR DECLARATORY JUDGMENT

6.      Trove Brands is informed and believes, and based thereon alleges, that Defendant Vista Outdoor Inc. is a Delaware corporation with its principal place of business at 1 Vista Way, Anoka, MN 55303.

### III.  JURISDICTION AND VENUE

7.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

9.      This Court has personal jurisdiction over Camelbak because Camelbak has a continuous, systematic, and substantial presence within this judicial district and within California.  For example, Camelbak maintains its headquarters within this judicial district in the city of Petaluma.  Further, Trove Brands is informed and believes, and based thereon alleges, that CamelBak, directly and through its agents regularly transacts business in this District and elsewhere in California.  Further, a substantial part of the events giving rise to these claims occurred in this District.  For example, Trove Brands is informed and believes, and based thereon alleges, that CamelBak, which is headquartered in this District, authorized its attorney to transmit a cease-and-desist letter to Trove Brands alleging infringement of the Asserted Patents.  Further, two of the named inventors on the '911 patent, the '255 Patent, and the '178 Patent (Barley A. Forsam, and Jeremy Galten) are identified on the face of the patents as residents of this district.  Additionally, both named inventors on the '252 Patent (Matthew W. Latham and Derek Gavin Sullivan) are identified on the face of the patent as residents of this District.

10.     This Court has personal jurisdiction over Vista Outdoor because Vista Outdoor has a continuous, systematic, and substantial presence within this judicial District and within California.  For example, Vista Outdoor is registered to do business in California (Registration No. C3746812).  Further, Trove Brands is informed and believes, and based thereon alleges, that Camelbak, which as noted

COMPLAINT FOR DECLARATORY
JUDGMENT

above is headquartered in this District, is a wholly-owned subsidiary of Vista Outdoor, and that Vista Outdoor directly and through its subsidiaries (including CamelBak) and its agents regularly transacts business in this District and elsewhere in California. Further, a substantial part of the events giving rise to these claims occurred in this district. For example, as noted above, there are at least two inventors identified on the face of each Asserted Patent as residents of this District.

11.    Venue is proper in this District under 28 U.S.C. § 1391. A substantial part of the events giving rise to Trove Brands' claims occurred in this District, and Defendants are subject to personal jurisdiction here, as discussed above.

## IV.  **INTRADISTRICT ASSIGNMENT**

12.    This action is an intellectual property action subject to district-wide assignment pursuant to Local Civil Rules 3-2(c) and 3-5(b).

## V.  **GENERAL ALLEGATIONS**

13.    On June 21, 2023, counsel for Defendants sent a letter to Trove Brands alleging that Defendants are "the owner of all right, title, and interest in two patents families concerning Drink/Bottles/Drink Containers With Closure Mechanisms." The letter further alleged that Trove Brands is "manufacturing, selling, offering for sale, and/or importing into the United States water bottles that infringe one or more claims of the" patents identified in the letter. Specifically, the letter identified three accused products, "the Owala Flip (For Kids), Owala Flip, and Owala FreeSip." The letter indicated that "a number of CamelBak Patents have been asserted multiple times against third parties," but noted that "CamelBak is willing to amicably resolve this dispute" on the conditions that Trove Brands cease and desist the use, manufacture, sale, offer for sale, and importation of water bottles and replacement caps meeting the limitations of one or more claims of the identified patents, provide a full accounting for all water bottle and replacements caps sold in the U.S. during the past six years, and pay a reasonable royalty for all such sales. The letter concluded by noting that Defendants "can seek injunctive relief, lost profits,

COMPLAINT FOR DECLARATORY JUDGMENT

attorney fees, and treble damages in litigation" absent amicable resolution.  A true and correct copy of the letter dated June 21, 2023 is attached hereto as **Exhibit 1**.

14.    Counsel for Trove Brands sent a responsive letter on July 5, 2023 seeking Defendants' "analysis as to how it alleges Trove Brand's products infringe CamelBack's [sic] patent rights."  A true and correct copy of the letter dated July 5, 2023 is attached hereto as **Exhibit 2**.

15.    On July 11, 2023, counsel for Defendants sent a responsive letter attaching "claim charts that illustrate how Trove Brands products identified in the June 21, 2023, letter infringe multiple claims of multiple patents."  The claim charts included analyses of the '911 Patent (Claims 14-16, 19), the '255 Patent (Claims 1, 3-5, 9, 11, 12-13, 19), the '178 Patent (Claims 1-2, 4-6, 10-12, 14-16, 20-22), and the '252 Patent (Claims 5-7, 16 and 19).  The claim charts compared the '911 Patent, the '255 Patent, and the '178 Patent to the Owala Flip (For Kids), the '178 Patent to the Owala Flip, and the '252 Patent to the Owala FreeSip.  A true and correct copy of the letter dated July 11, 2023 is attached hereto as **Exhibit 3**.  True and correct copies of the claim charts attached to the letter dated July 11, 2023 are attached hereto as **Exhibits 4-8**.

16.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 7,533,783 ("the '783 Patent").

17.    Defendants' claim charts sent on July 11, 2023 did not chart any claims of the '783 Patent against any Trove Brands products.

18.    Trove Brands is informed and believes, and based thereon alleges, that Defendants no longer contend that Trove Brands infringes the '783 Patent.

19.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 8,622,237 ("the '237 Patent").

20.    Defendants' claim charts sent on July 11, 2023 did not chart any claims of the '237 Patent against any Trove Brands products.

21.    Trove Brands is informed and believes, and based thereon alleges, that

COMPLAINT FOR DECLARATORY
JUDGMENT

Defendants no longer contend that Trove Brands infringes the '237 Patent.

22.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 8,777,048 ("the '048 Patent").

23.    Defendants' claim charts sent on July 11, 2023 did not chart any claims of the '048 Patent against any Trove Brands products.

24.    Trove Brands is informed and believes, and based thereon alleges, that Defendants no longer contend that Trove Brands infringes the '048 Patent.

25.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 10,023,365 ("the '365 Patent").

26.    Defendants' claim charts sent on July 11, 2023 did not chart any claims of the '365 Patent against any Trove Brands products.

27.    Trove Brands is informed and believes, and based thereon alleges, that Defendants no longer contend that Trove Brands infringes the '365 Patent.

28.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Publication No. 2022/0119168 ("the '168 Publication").

29.    Defendants' claim charts sent on July 11, 2023 did not chart any claims of the '168 Publication against any Trove Brands products.

30.    Trove Brands is informed and believes, and based thereon alleges, that Defendants no longer contend that Trove Brands infringes the '168 Publication.

31.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 8,905,252.  Specifically, the letter alleged that Trove Brands' Owala FreeSip product infringes independent Claims 5 and 19 and "multiple other claims" of the '252 Patent.

32.    Defendants' claim charts sent on July 11, 2023 charted Claims 5-7, 16, and 19 of the '252 Patent against Trove Brands' FreeSip product.

33.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 9,463,911.  Specifically, the letter

COMPLAINT FOR DECLARATORY
JUDGMENT

alleged that Trove Brands' Owala Flip (For Kids) product infringes independent claim 14 and "multiple other claims" of the '911 Patent.

34.    Defendants' claim charts sent on July 11, 2023 charted Claims 14-16, and 19 of the '911 Patent against Trove Brands' Owala Flip (For Kids) product.

35.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 10,676,255.  Specifically, the letter alleged that Trove Brands' Owala Flip (For Kids) product infringes independent claim 1 and "multiple other claims" of the '255 Patent.

36.    Defendants' claim charts sent on July 11, 2023 charted Claims 1, 3-5, 9, 11-13, and 19 of the '255 Patent against Trove Brands' Owala Flip (For Kids) product.

37.    Defendants' June 21, 2023 letter alleged that Trove Brands was infringing one or more claims of U.S. Patent No. 11,242,178.  Specifically, the letter alleged that Trove Brands' Owala Flip (For Kids) product infringes independent Claims 1 and 11 and "multiple other claims" of the '178 Patent.  The letter further alleged that the Owala Flip product also infringes independent claim 11 and "multiple other claims" of the '178 Patent.

38.    Defendants' claim charts sent on July 11, 2023 charted Claims 1, 2, 4-6, 10-12, 14-16, and 20-22 of the '178 Patent against Trove Brands' Owala Flip (For Kids) product and charted Claims 11, 12, 14-16, and 22 of the '178 Patent against Trove Brands' Owala Flip product.

39.    On July 27, 2023, counsel for Defendants sent Trove Brands an email stating that Defendants are "willing to offer a license to each of the Camelbak patents at issue and any related patents/patent applications for a lump sum of $6M." The email requested a response to the proposal by August 10, 2023.  Trove Brands did not respond.

40.    On August 18, 2023, counsel for Defendants again wrote to Trove Brands stating that "it appears that Trove Brands is not interested in an amicable

COMPLAINT FOR DECLARATORY
JUDGMENT

resolution." A true and correct copy of the emails exchanged between counsel from July 5, 2023 through August 18, 2023 are attached hereto as **Exhibit 9**.

41.    Due to the circumstances discussed above, an immediate, real, and justiciable controversy exists between Trove Brands and Defendants as to whether Trove Brands is infringing or has infringed the Asserted Patents.  In addition, Camelbak has sued one other defendant in the Western District of Arkansas for alleged infringement of the '911 Patent and the '255 Patent.  *See CamelBak Products, LLC v. Zak Designs, Inc*., Case No. 5-21-cv-05109 (W.D. Ark.).  Moreover, as Defendants' June 21, 2023 letter highlights, "a number of the CamelBak Patents have been asserted multiple times against third parties."

## VI.  **FIRST CLAIM FOR RELIEF**

(Non-Infringement of U.S. Patent No. 8,905,252)

42.    Trove Brands repeats and re-alleges the allegations of paragraphs 1-41 of the Complaint as if set forth fully herein.

43.    Defendants claim to own all rights, title, and interest in and under the '252 Patent.  A true and correct copy of the '252 Patent is attached hereto as **Exhibit 10**.

44.    Defendants accuse Trove Brands and its FreeSip product of infringing Claims 5-7, 16, and 19 of the '252 Patent.

45.    Trove Brands does not directly or indirectly infringe the '252 Patent, either literally or under the doctrine of equivalents.  Specifically, Trove Brands' FreeSip product does not include all of the claimed elements of any independent claim of the '252 Patent.

46.    As to claim 1, Trove Brands' FreeSip product does not embody "[a] drink container, comprising: a liquid container having a neck with an opening and having an internal compartment sized to hold a volume of potable drink liquid; and a cap assembly removably coupled to the liquid container, the cap assembly comprising: a base removably coupled to the neck of the liquid container; a drink

COMPLAINT FOR DECLARATORY JUDGMENT

spout extending from the base and defining a passage through which drink liquid from the internal compartment of the liquid container may be selectively dispensed; a closure configured to be removably coupled relative to the drink spout in a closed position to selectively restrict dispensing of drink liquid through the passage and to selectively permit dispensing of drink liquid through the passage when removed from the drink spout; and a handle extending from the base and defining a closed perimeter, wherein the closed perimeter is sized to selectively receive and retain the closure in a stowed position relative to the handle in a friction-fit arrangement when the closure is selectively removed from the drink spout; and a tether operatively coupling the closure to the liquid container, wherein the tether extends through the closed perimeter of the handle," under a proper construction of that claim.

47.    As to claim 5, Trove Brands' Free Sip product does not embody "[a] drink container, comprising: a liquid container having a neck with an opening and having an internal compartment sized to hold a volume of potable drink liquid; and a cap assembly removably coupled to the liquid container, the cap assembly comprising: a base removably coupled to the neck of the liquid container; a drink spout extending from the base and defining a passage through which drink liquid from the internal compartment of the liquid container may be selectively dispensed; a closure configured to be removably coupled relative to the drink spout in a closed position to selectively restrict dispensing of drink liquid through the passage and to selectively permit dispensing of drink liquid through the passage when removed from the drink spout; a handle extending from the base, wherein the handle includes a closure retention mechanism configured to selectively retain the closure in a stowed position relative to the handle when the closure is selectively removed from the drink spout and received by the closure retention mechanism," under a proper construction of that claim.

48.    As to claim 19, Trove Brands' FreeSip product does not embody "[a] cap assembly for use with a liquid container having a neck with an opening and

having an internal compartment sized to hold a volume of potable drink liquid, the cap assembly comprising: a base configured to be removably coupled to the neck of the liquid container; a drink spout extending from the base and defining a passage through which drink liquid from the internal compartment of the liquid container may be selectively dispensed when the cap assembly is operatively coupled to the liquid container; a closure configured to be removably coupled relative to the drink spout in a closed position to selectively restrict dispensing of liquid through the passage and to selectively permit dispensing of liquid through the passage when removed from the drink spout; a handle extending from the base, wherein the handle includes a closure retention mechanism configured to selectively retain the closure in a stowed position relative to the handle when the closure is selectively removed from the drink spout and received by the closure retention mechanism," under a proper construction of that claim.

49.     A substantial, immediate, and real controversy therefore exists between Trove Brands and Defendants regarding whether Trove Brands infringes the '252 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '252 Patent.

50.     Trove Brands is entitled to a judgment declaring that Trove Brands does not directly or indirectly infringe any claim of the '252 Patent.

## VII.  <u>SECOND CLAIM FOR RELIEF</u>

(Non-Infringement of U.S. Patent No.  9,463,911)

51.     Trove Brands repeats and re-alleges the allegations of paragraphs 1-50 of the Complaint as if set forth fully herein.

52.     Defendants claim to own all rights, title, and interest in and under the '911 Patent.  A true and correct copy of the '911 Patent is attached hereto as **Exhibit 11**.

53.     Defendants accuse Trove Brands' Owala Flip (For Kids) product of infringing Claims 14-16, and 19 of the '911 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT

54.    Trove Brands does not directly or indirectly infringe the '911 Patent, either literally or under the doctrine of equivalents.  Specifically, Trove Brands' Owala Flip (For Kids) product does not include all of the claimed elements of any independent claim of the '911 Patent.

55.    As to claim 1, Trove Brands' Owala Flip (For Kids) product does not embody "[a] drink container, comprising: a fluid container having a neck with an opening and having an internal compartment sized to hold a volume of potable drink fluid; a cap assembly removably coupled to the fluid container to cover the opening, wherein the cap assembly defines a fluid conduit through which drink fluid may selectively flow from the fluid container and through the cap assembly to a user, wherein the fluid conduit includes an inlet through which drink fluid from the fluid container may enter the fluid conduit, and a dispensing outlet through which drink fluid in the fluid conduit may be dispensed from the cap assembly to a user, and further wherein the cap assembly comprises: a cap assembly base removably coupled to the neck of the fluid container, wherein the cap assembly base is configured to be selectively and repeatedly decoupled from and re-coupled to the neck of the fluid container; a manual on/off valve having a closed configuration, in which the manual on/off valve obstructs the fluid conduit to restrict drink fluid from flowing between the inlet and the dispensing outlet, and an open configuration, in which the manual on/off valve permits drink fluid to flow through the fluid conduit from the inlet to the dispensing outlet; a drink spout that defines at least a portion of the fluid conduit, wherein the drink spout is pivotally coupled to the cap assembly base and adapted to be selectively pivoted within a range of positions relative to the cap assembly base through pivotal movement of the drink spout relative to the cap assembly base, wherein the range of positions includes at least a stowed position and a dispensing position, wherein the drink spout defines at least a portion of the manual on/off valve, wherein when the drink spout is in the stowed position, the manual on/off valve is in the closed configuration, and wherein when the drink spout

COMPLAINT FOR DECLARATORY
JUDGMENT

is in the dispensing position, the manual on/off valve is in the open configuration; and a resilient mouthpiece removably mounted on the drink spout and having a dispensing face, which includes the dispensing outlet, and a mouthpiece base that is shaped to restrict rotation of the resilient mouthpiece on the drink spout; wherein when the drink spout is in the dispensing position, the dispensing outlet is positioned further away from the cap assembly base than when the drink spout is in the stowed position, wherein the resilient mouthpiece is more resilient than the drink spout and is adapted to resiliently compress responsive to compressive forces applied to the resilient mouthpiece by a user's teeth; wherein the fluid conduit includes a crimpable region that is adapted to be selectively crimped to restrict drink fluid from flowing therethrough to the mouthpiece, and further wherein the drink spout is adapted to selectively engage the crimpable region to apply crimping forces thereto and thereby configure the manual on/off valve to the closed configuration as the drink spout is pivoted from the dispensing position to the stowed position," under a proper construction of that claim.

56.    As to claim 14, Trove Brands' Owala Flip (For Kids) product does not embody "[a] drink container, comprising: a fluid container having a neck with an opening and having an internal compartment sized to hold a volume of potable drink fluid; a cap assembly removably coupled to the fluid container to cover the opening, wherein the cap assembly defines a fluid conduit for drink fluid to flow from the fluid container and through the cap assembly to a user, wherein the fluid conduit includes an inlet through which drink fluid from the fluid container may enter the fluid conduit, and a dispensing outlet through which drink fluid in the fluid conduit may be dispensed from the cap assembly to a user, and further wherein the cap assembly comprises: a cap assembly base removably coupled to the neck of the fluid container, wherein the cap assembly base is configured to be selectively and repeatedly decoupled from and re-coupled to the neck of the fluid container; a resilient mouthpiece pivotal relative to the cap assembly base and including the

COMPLAINT FOR DECLARATORY
JUDGMENT

dispensing outlet, wherein the resilient mouthpiece is configured to be selectively pivoted between a stowed position and a dispensing position, and further wherein when the resilient mouthpiece is in the dispensing position, the dispensing outlet is positioned further away from the cap assembly base than when the resilient mouthpiece is in the stowed position, wherein the resilient mouthpiece is adapted to resiliently compress responsive to compressive forces applied to the resilient mouthpiece by a user's teeth; a manual on/off valve having a closed configuration, in which the manual on/off valve obstructs the fluid conduit to restrict drink fluid from flowing between the inlet and the dispensing outlet, and an open configuration, in which the manual on/off valve permits drink fluid to flow through the fluid conduit from the inlet to the dispensing outlet; a pair of lateral guards that extend on opposed sides of the resilient mouthpiece when the manual on/off valve is in the closed configuration and when the resilient mouthpiece is in the stowed position; and a dust cover extending between the pair of lateral guards and positioned to protect the dispensing outlet of the resilient mouthpiece by extending across at least a portion of the dispensing outlet of the resilient mouthpiece when the resilient mouthpiece is in the stowed position, wherein when the resilient mouthpiece is pivoted from the stowed position to the dispensing position, the resilient mouthpiece pivots away from the dust cover," under a proper construction of that claim.

57.    As to claim 25, Trove Brands' Owala Flip (For Kids) product does not embody "[a] drink container, comprising: a fluid container having a neck with an opening and having an internal compartment sized to hold a volume of potable drink fluid; a cap assembly removably coupled to the fluid container to cover the opening, wherein the cap assembly defines a fluid conduit through which drink fluid may selectively flow from the fluid container and through the cap assembly to a user, wherein the fluid conduit includes an inlet through which drink fluid from the fluid container may enter the fluid conduit, and a dispensing outlet through which drink fluid in the fluid conduit may be dispensed from the cap assembly to a user, and

COMPLAINT FOR DECLARATORY
JUDGMENT

further wherein the cap assembly comprises: a cap assembly base removably coupled to the neck of the fluid container, wherein the cap assembly base is configured to be selectively and repeatedly decoupled from and re-coupled to the neck of the fluid container; a manual on/off valve having a closed configuration, in which the manual on/off valve obstructs the fluid conduit to restrict drink fluid from flowing between the inlet and the dispensing outlet, and an open configuration, in which the manual on/off valve permits drink fluid to flow through the fluid conduit from the inlet to the dispensing outlet; a drink spout that defines at least a portion of the fluid conduit, wherein the drink spout is pivotally coupled to the cap assembly base and adapted to be selectively pivoted within a range of positions relative to the cap assembly base through pivotal movement of the drink spout relative to the cap assembly base, wherein the range of positions includes at least a stowed position and a dispensing position, wherein the drink spout defines at least a portion of the manual on/off valve, wherein when the drink spout is in the stowed position, the manual on/off valve is in the closed configuration, and wherein when the drink spout is in the dispensing position, the manual on/off valve is in the open configuration; and a resilient mouthpiece removably mounted on the drink spout and having a dispensing face, which includes the dispensing outlet, and a mouthpiece base that is shaped to restrict rotation of the resilient mouthpiece on the drink spout; wherein when the drink spout is in the dispensing position, the dispensing outlet is positioned further away from the cap assembly base than when the drink spout is in the stowed position, wherein the resilient mouthpiece is more resilient than the drink spout and is adapted to resiliently compress responsive to compressive forces applied to the resilient mouthpiece by a user's teeth; wherein the resilient mouthpiece defines an internal chamber through which drink fluid flows to the dispensing outlet, wherein the internal chamber has sidewalls that define a hexagonal cross-sectional shape to the internal chamber proximate the dispensing face," under a proper construction of that claim.

COMPLAINT FOR DECLARATORY
JUDGMENT

58.     A substantial, immediate, and real controversy therefore exists between Trove Brands and Defendants regarding whether Trove Brands infringes the '911 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '911 Patent.

59.     Trove Brands is entitled to a judgment declaring that Trove Brands does not directly or indirectly infringe any claim of the '911 Patent.

## VIII.  THIRD CLAIM FOR RELIEF

(Non-Infringement of U.S. Patent No. 10,676,255)

60.     Trove Brands repeats and re-alleges the allegations of paragraphs 1-59 of the Complaint as if set forth fully herein.

61.     Defendants claim to own all rights, title, and interest in and under the '255 Patent.  A true and correct copy of the '255 Patent is attached hereto as **Exhibit 12**.

62.     Defendants accuse Trove Brands' Owala Flip (For Kids) product of infringing Claims 1, 3-5, 9, 11-13, and 19 of the '255 Patent.

63.     Trove Brands does not directly or indirectly infringe the '255 Patent, either literally or under the doctrine of equivalents.  Specifically, Trove Brands' Owala Flip (For Kids) product does not include all of the claimed elements of any independent claim of the '255 Patent.

64.     As to claim 1, Trove Brands' Owala Flip (For Kids) product does not comprise or utilize "A drink container, comprising: a fluid container having a neck with an opening and having an internal compartment sized to hold a volume of potable drink fluid; a cap assembly removably coupled to the fluid container to cover the opening, wherein the cap assembly defines a fluid conduit for drink fluid to flow from the fluid container and through the cap assembly to a user, wherein the fluid conduit includes an inlet through which drink fluid from the fluid container may enter the fluid conduit, and a dispensing outlet through which drink fluid in the fluid conduit may be dispensed from the cap assembly to a user, and further wherein the

COMPLAINT FOR DECLARATORY
JUDGMENT

cap assembly comprises: a cap assembly base removably coupled to the neck of the fluid container, wherein the cap assembly base is configured to be selectively and repeatedly decoupled from and re-coupled to the neck of the fluid container; a pivotal mount coupled to the cap assembly base for pivotal movement relative to the cap assembly base, wherein the pivotal mount includes a pair of lateral projections, wherein the cap assembly base defines a pair of sockets into which the pair of lateral projections extend; a resilient mouthpiece coupled to the pivotal mount for pivotal movement with the pivotal mount relative to the cap assembly base, wherein the resilient mouthpiece is pivotal about an axis defined by the pair of lateral projections as the pair of lateral projections rotate within the pair of sockets; wherein the resilient mouthpiece defines a portion of the fluid conduit, including the dispensing outlet; wherein the resilient mouthpiece and the pivotal mount are configured to be selectively pivoted between a stowed position and a dispensing position, and further in the dispensing position, the dispensing outlet is positioned further away from the cap assembly base than when the resilient mouthpiece and the pivotal mount are in the stowed position; wherein the resilient mouthpiece is adapted to resiliently compress responsive to compressive forces applied to the resilient mouthpiece by a user's teeth; and a manual on/off valve having a closed configuration, in which the manual on/off valve obstructs the fluid conduit to restrict drink fluid from flowing between the inlet and the dispensing outlet, and an open configuration, in which the manual on/off valve permits drink fluid to flow through the fluid conduit from the inlet to the dispensing outlet; wherein the manual on/off valve includes a flexible tube that defines a portion of the fluid conduit; wherein when the manual on/off valve is in the closed configuration, the tube is crimped to obstruct the flow of drink fluid through the fluid conduit; and wherein when the manual on/off valve is in the open configuration, the tube is not crimped and does not obstruct the flow of drink fluid through the fluid conduit," under a proper construction of that claim.

65.    A substantial, immediate, and real controversy therefore exists between

COMPLAINT FOR DECLARATORY
JUDGMENT

Trove Brands and Defendants regarding whether Trove Brands infringes the '255 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '255 Patent.

66.    Trove Brands is entitled to a judgment declaring that Trove Brands does not directly or indirectly infringe any claim of the '255 Patent.

### IX.  FOURTH CLAIM FOR RELIEF

(Non-Infringement of U.S. Patent No. 11,242,178)

67.    Trove Brands repeats and re-alleges the allegations of paragraphs 1-66 of the Complaint as if set forth fully herein.

68.    Defendants claim to own all rights, title, and interest in and under the '178 Patent.  A true and correct copy of the '178 Patent is attached hereto as **Exhibit 13**.

69.    Defendants accuse Trove Brands' Owala Flip (For Kids) product of infringing Claims 1, 2, 4-6, 10-12, 14-16, and 20-22 of the '178 Patent.  Defendants accuse Trove Brands' Owala Flip product of infringing Claims 11, 12, 14-16, and 22 of the '178 Patent.

70.    Trove Brands does not directly or indirectly infringe the '178 Patent, either literally or under the doctrine of equivalents.  Specifically, Trove Brands' Owala Flip (For Kids) product does not include all of the claimed elements of any independent claim of the '178 Patent.

71.    As to claim 1, Trove Brands' Owala Flip (For Kids) product and Owala Flip product do not embody "[a] drink container, comprising: a fluid container having a neck with an opening and having an internal compartment sized to hold a volume of potable drink fluid; a cap assembly removably coupled to the fluid container to cover the opening, wherein the cap assembly defines a fluid conduit for drink fluid to flow from the fluid container and through the cap assembly to a user, wherein the fluid conduit includes an inlet through which drink fluid from the fluid container may enter the fluid conduit, and a dispensing outlet through which drink

COMPLAINT FOR DECLARATORY JUDGMENT

fluid in the fluid conduit may be dispensed from the cap assembly to a user, and further wherein the cap assembly comprises: a cap assembly base removably coupled to the neck of the fluid container, wherein the cap assembly base is configured to be selectively and repeatedly decoupled from and re-coupled to the neck of the fluid container; a pivotal mount coupled to the cap assembly base at two joints that define a pivotal axis for pivotal movement of the pivotal mount relative to the cap assembly base; a resilient mouthpiece coupled to the pivotal mount for pivotal movement with the pivotal mount relative to the cap assembly base; wherein the resilient mouthpiece defines a portion of the fluid conduit, including the dispensing outlet; wherein the resilient mouthpiece and the pivotal mount are configured to be selectively pivoted between a stowed position and a dispensing position, and further in the dispensing position, the dispensing outlet is positioned further away from the cap assembly base than when the resilient mouthpiece and the pivotal mount are in the stowed position; wherein the resilient mouthpiece is adapted to resiliently compress responsive to compressive forces applied to the resilient mouthpiece by a user's teeth; and an on/off valve having a closed configuration, in which the on/off valve obstructs the fluid conduit to restrict drink fluid from flowing between the inlet and the dispensing outlet, and an open configuration, in which the on/off valve permits drink fluid to flow through the fluid conduit from the inlet to the dispensing outlet; wherein the on/off valve includes a flexible tube that defines a portion of the fluid conduit; wherein when the on/off valve is in the closed configuration, the tube is crimped to obstruct the flow of drink fluid through the fluid conduit; and wherein when the on/off valve is in the open configuration, the tube is not crimped and does not obstruct the flow of drink fluid through the fluid conduit," under a proper construction of that claim.

72.    As to claim 11, neither Trove Brands' Owala Flip (For Kids) product nor Owala Flip product embodies "[a] drink container, comprising: a fluid container having a neck with an opening and having an internal compartment sized to hold a

COMPLAINT FOR DECLARATORY
JUDGMENT

volume of potable drink fluid; a cap assembly removably coupled to the fluid container to cover the opening, wherein the cap assembly defines a fluid conduit for drink fluid to flow from the fluid container and through the cap assembly to a user, wherein the fluid conduit includes an inlet through which drink fluid from the fluid container may enter the fluid conduit, and a dispensing outlet through which drink fluid in the fluid conduit may be dispensed from the cap assembly to a user, and further wherein the cap assembly comprises: a cap assembly base removably coupled to the neck of the fluid container, wherein the cap assembly base is configured to be selectively and repeatedly decoupled from and re-coupled to the neck of the fluid container; a pivotal mount coupled to the cap assembly base at two joints that define a pivotal axis for pivotal movement of the pivotal mount relative to the cap assembly base; a mouthpiece disposed on the pivotal mount for pivotal movement with the pivotal mount relative to the cap assembly base; wherein the mouthpiece defines a portion of the fluid conduit, including the dispensing outlet; wherein the mouthpiece and the pivotal mount are configured to be selectively pivoted between a stowed position and a dispensing position, and further in the dispensing position, the dispensing outlet is positioned further away from the cap assembly base than when the mouthpiece and the pivotal mount are in the stowed position; and an on/off valve having a closed configuration, in which the on/off valve obstructs the fluid conduit to restrict drink fluid from flowing between the inlet and the dispensing outlet, and an open configuration, in which the on/off valve permits drink fluid to flow through the fluid conduit from the inlet to the dispensing outlet; wherein the on/off valve includes a flexible tube that defines a portion of the fluid conduit; wherein when the on/off valve is in the closed configuration, the tube is crimped to obstruct the flow of drink fluid through the fluid conduit; and wherein when the on/off valve is in the open configuration, the tube is not crimped and does not obstruct the flow of drink fluid through the fluid conduit," under a proper construction of that claim.

73.    A substantial, immediate, and real controversy therefore exists between Trove Brands and Defendants regarding whether Trove Brands infringes the '178 Patent.  A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '178 Patent.

74.    Trove Brands is entitled to a judgment declaring that Trove Brands does not directly or indirectly infringe any claim of the '178 Patent.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Trove Brands prays for judgment against Defendant as follows:

A.    That the Court enter judgment declaring that Trove Brands has not infringed and does not infringe any claim of the Asserted Patents;

B.    That the Court enter a judgment in favor of Trove Brands and against Defendants on Trove Brands' claims;

C.    An Order adjudging that this case is exceptional under 35 U.S.C. § 285;

D.    An Order awarding Trove Brands its costs and reasonable attorney fees incurred in this action; and

E.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  August 21, 2023    By: */s/ Cheryl T. Burges*

Ali S. Razai
Cheryl T. Burgess
Jacob R. Rosenbaum
Robert Servillo

Attorneys for Plaintiff
Trove Brands, LLC

COMPLAINT FOR DECLARATORY
JUDGMENT

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 21, 2023, I caused the **COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL, and EXHIBITS 1-13** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all attorneys of record.

I certify and declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct.

Executed on August 21, 2023, at Irvine, California.

Estefania Munoz

COMPLAINT FOR DECLARATORY JUDGMENT