Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Cheryl T. Burgess (CA SBN 250,101)
cheryl.burgess@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Robert Servillo (CA SBN 347,114)
robert.servillo@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
Attorneys for Plaintiff
Trove Brands, LLC

David T. Pollock (SBN 217546)
Email: dpollock@reedsmith.com
Christopher J. Pulido (SBN 313142)
Email: cpulido@reedsmith.com
**REED SMITH LLP**
101 Second St, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Anna M. Targowska (*pro hac vice*)
Email: atargowska@reedsmith.com
**REED SMITH LLP**
10 South Wacker Dr.
Chicago, IL 60606
Telephone: (312) 207-1000
Attorneys for Defendants Vista Outdoor, Inc.
and CamelBak Products LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC, a Utah limited liability company,<br><br>                              Plaintiffs,<br><br>     v.<br><br>CAMELBAK PRODUCTS, LLC AND VISTA OUTDOOR INC.<br>                              Defendants. | Case No. 5:23-cv-04267-PCP<br><br>Hon. P. Casey Pitts<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   December 7, 2023, 1:00 p.m.<br><br>Trial Date:    TBD |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), and the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, Plaintiff Trove Brands, LLC, ("Trove") and CamelBak Products, LLC ("CamelBak Products") and Vista Outdoor Inc ("Vista") (collectively, "CamelBak"), submit this Joint Initial Case Management Conference Statement.

Trove and CamelBak met and conferred on November 20, 2023 under Fed. R. Civ. P. 26(f).

## I.   Jurisdiction and Service

This action arises under 35 U.S.C. § 271. The parties do not dispute that subject matter jurisdiction exists for this case arise under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

The parties are not aware of any existing issues regarding personal jurisdiction or venue with respect to Trove and CamelBak Products. Vista denies that this Court has personal jurisdiction over Vista in the context of this matter or that venue is proper in this District.

No parties remain to be served.

## II.   Facts

### A.   Brief Chronology

Trove (dba Owala) and CamelBak are competitors in the business of selling water bottles and water bottle replacement lids. On June 21, 2023, counsel for CamelBak sent a letter to Trove alleging infringement of several patents concerning drink container lids. Specifically, the letter identified three allegedly infringing lids, the Owala Flip (For Kids), Owala Flip, and Owala FreeSip. Counsel for Trove sent a responsive letter on July 5, 2023 requesting CamelBak's infringement analysis. On July 11, 2023, counsel for CamelBak provided claim charts for four patents.[1] On August 21, 2023, Trove filed a Declaratory Judgment Action for noninfringement of those four patents. On November 1, 2023, counsel for CamelBak sent a letter alleging infringement of three additional patents.[2] CamelBak answered on November 8, 2023, and

---

[1] U.S. Patent No. 8,905,252 ("the '252 Patent"), U.S. Patent No. 9,463,911 ("the '911 Patent"), U.S. Patent No. 10,676,255 ("the '255 Patent"), and U.S. Patent No. 11,242,178 ("the '178 Patent").

[2] U.S. Patent No. 9,782,028 ("the '028 Patent"), U.S. Patent No. 10,165,879 ("the '879 Patent"), and U.S. Patent No. 11,684,187 ("the '187 Patent")

counterclaimed for infringement of all seven patents: the '252 Patent, the '911 Patent, the '255 Patent, the '178 Patent, the '028 Patent, the '879 Patent, and the '187 Patent (collectively the "Asserted Patents" or "patents-in-suit"). Trove's answer to the counterclaim is due on November 29, 2023.

### B. Principal Factual Issues in Dispute

The parties are aware of the following principal factual issues in dispute: (1) Whether the patents-in-suit are valid and enforceable; (2) Whether Trove infringes the patents-in-suit; (3) The appropriate damages for any infringement; (4) Whether any infringement is willful; and (5) Whether any other forms of relief are due to any party.

## III. Principal Legal Issues in Dispute

The parties are aware of the following principal legal issues in dispute:

1. The proper construction of patent claim terms.
2. Whether the claims of the patents-in-suit are invalid for failure to satisfy one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, 112, and 116;
3. Whether Trove infringes the patents-in-suit under 35 U.S.C. 271(a).
4. Whether Trove actively induces infringement of the patents-in-suit under 35 U.S.C. 271(b).
5. Whether Trove contributes to infringement of the patents-in-suit under 35 U.S.C. 271(c).
6. Whether CamelBak is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. §§ 286, 287;
7. Whether this case is exceptional under 35 U.S.C. § 285;
8. Whether CamelBak is entitled to, and the appropriate calculation of, monetary damages for any infringement of the patents-in-suit;
9. Whether any other forms of relief are due to any party.

## IV. Motions

There are currently no motions pending.

/ / /

### V. Amendment of Pleadings

The parties continue to investigate their claims and discuss jurisdiction and will amend the pleadings if appropriate.  They propose the Court allow amendment of pleadings under Rule 15 until December 21, 2023, with any later amendment requiring good cause under Rule 16.

### VI. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred under Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident here.

### VII. Disclosures

The parties have agreed to exchange initial disclosures under Rule 26(a) by November 30, 2023.

### VIII. Discovery

No discovery has taken place. The parties held a Rule 26 conference on November 20, 2023.

    A.    Discovery Limitations: The parties agree to follow the default limitations set forth in the Federal Rules of Civil Procedure.

    B.    Electronic Discovery: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and further confirm that they have met and conferred regarding the issue.  The parties agree that ESI shall be produced as single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata, with each page including a unique production number and any necessary confidentiality legend pursuant to the proposed Protective Order in locations reasonably intended to not obliterate, conceal, or interfere with any information on the page. At the option of the producing party or upon reasonable request of the receiving party, native versions of documents, such as Excel files, that cannot be readily converted to imagery in a readable format, can be produced as native files.  Documents produced

        in their native format will bear a production number in the document file name. The parties agree to provide metadata for all ESI produced to the extent such metadata exists. The parties will notify the Court if they believe entry of an ESI Order is necessary in this case.

    C.    Protective Order: The parties agree to submit a proposed Protective Order based on the Northern District of California Model Stipulated Protective Order.

## IX. Class Action

This is not a class action.

## X. Related Cases

There are no related cases or proceedings.

## XI. Relief

Trove asks the Court to enter judgment against CamelBak and provide the following relief:

1. That the Court enter judgment declaring that Trove Brands has not infringed and does not infringe any claim of the Asserted Patents;
2. That the Court enter a judgment in favor of Trove Brands and against CamelBak on Trove Brands' claims;
3. An Order adjudging that this case is exceptional under 35 U.S.C. § 285;
4. An Order awarding Trove Brands its costs and reasonable attorney fees incurred in this action; and
5. Such other and further relief as this Court may deem just and proper.

CamelBak asks the Court to enter judgment against Trove and provide the following relief:

1. That the Court enter a judgment that Trove has infringed, actively induced infringement, and contributorily infringed the Asserted Patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any other acts prohibited by 35 U.S.C. § 271;
2. That the Court enjoin Trove from infringing, actively inducing infringement, and contributorily infringing the Asserted Patents through the manufacture, use, importation,

offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

3. An Order granting an award compensating CamelBak for Trove's infringement of Asserted Patents through payment not less than a reasonable royalty on Trove's sales of infringing products;

4. An Order granting an award increasing damages up to three times the amount found or assessed by the jury for Trove's infringement of the Asserted Patents in view of the willful and deliberate nature of the infringement;

5. That the Court find that this is an exceptional case, and award CamelBak its reasonable attorneys' fees and non-taxable costs;

6. An assessment of prejudgment and post-judgment interest and costs against Trove, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284; and

7. Such other and further relief as this Court may deem just and proper.

## XII. Settlement and ADR

Pursuant to the Northern District's ADR Local Rules the parties met and conferred regarding an ADR procedure. The parties agreed to private mediation. The parties propose a deadline for engaging in a private mediation one month after service by the Court of its Claim Construction Ruling.

## XIII. Other References

This action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. Narrowing of Issues

Since this case is still at an early stage and discovery has not been completed, the parties have not identified any issues that can be narrowed by agreement or motion at this time. As the case progresses, the parties will cooperate in good faith to identify issues where narrowing may be possible. Likewise, as trial approaches, the parties will cooperate in good faith to identify means to expedite the presentation of evidence.

**XV.  Expedited Schedule**

At this time, the parties do not believe the case can be handled under the Expected Trial Procedure of General Order 64.  As the case progresses, the parties will continue to assess whether any expedited procedures would encourage a speedy and inexpensive disposition of this matter.

**XVI.  Scheduling**

The parties agree to a period of 12 months for completing non-expert discovery and additional 3 months thereafter for completing expert discovery.  The parties agree to a time period for dispositive motions following the completion of expert discovery and before a pre-trial conference.  Trial will be set at the Court's convenience after ruling on dispositive motions.

The proposed schedule for this matter is included as Exhibit A.

**XVIII. Trial**

The parties will try the case to a jury and expect trial to last no more than 5-8 days, depending on the number of patents and products still in the case at the time of the Final Pretrial Conference.

**XIX.  Disclosure of Non-Party Interested Entities**

The Parties filed individual statements pursuant to Civ. L.R. 3-15.

Trove filed its Certificate of Interested Entities on August 21, 2023 (Docket No. 4) certifying that as of that date, there is no conflict or interest (other than the named parties) to report.  Trove's position has not changed.

CamelBak filed its Certificate of Interested Entities on November 9, 2023 (Docket No. 20) certifying that as of that date, there is no conflict or interest (other than the named parties) to report.  CamelBak's position has not changed .

**XX.  Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.  Other Matters that Facilitate Just, Speedy, Inexpensive Disposition**

**A.  Local Patent Rule 2-1(b)(1)— Proposed to the Patent Local Rules**

The parties do not propose any modifications to the Patent Local Rules.

**B.      Local Patent Rule 2-1(b)(2)—Scope and Timing of Claim Construction Discovery**

The parties will evaluate whether any claim construction discovery beyond what is already contemplated by the Patent Local Rules is necessary after the exchange of preliminary claim constructions and extrinsic evidence.

**C.      Local Patent Rule 2-1(b)(3)—Proposed Format of Claim Construction Hearing**

The parties presently expect 90 minutes for each side will be sufficient, with argument proceeding on a term-by-term basis. The parties do not expect to present live testimony.

**D.      Local Patent Rule 2-1(b)(4)—How Parties Intend to Educate the Court on Technology**

If the Court deems it necessary, the parties will present the Court with a technology tutorial. The parties believe a video tutorial of 30 minutes per side is sufficient and would allow the Court to view the material at its convenience, and review the material as needed.

**E.      Local Patent Rule 2-1(b)(5)—Non-Binding, Good-Faith Estimate of Damages Range**

**CamelBak's Position**: CamelBak will identify each category of damages it seeks, as well as its theories for recovery, factual support for those theories, and computations of damages within each category accounting for damages-related discovery pursuant to Patent Local Rule 3-8. CamelBak has yet to receive damages-related discovery, including sales data, and therefore cannot reasonably estimate damages at this juncture. Upon receiving sufficient damages-related discovery from Trove, CamelBak will be able to provide a damages estimate..

**Trove's Position:** Trove is not seeking damages. CamelBak is, and Patent Local Rule 38 will require CamelBak to identify each of category of damages it seeks, as well as its theories of recovery, factual support for those theories, and computations of damages within each category accounting for damages-related discovery to be exchanged under Patent Local Rule 3-2 and 3-4. *See* Patent Local Rule 3-2(f)-(j); 3-4(c)-(e); 3-8. Trove has not yet received an estimate of damages from CamelBak and therefore is not able to address damages at this point.

|   |   |   |
|---|---|---|
|   |   | Respectfully submitted, |
|   |   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: <u>November 22, 2023</u> | By: | */s/ Cheryl T. Burgess* |
|   |   | Ali S. Razai |
|   |   | Cheryl T. Burgess |
|   |   | Jacob R. Rosenbaum |
|   |   | Robert Servillo |
|   |   | REED SMITH LLP |
| Dated: <u>November 22, 2023</u> | By: | */s/ David T. Pollock* |
|   |   | David T. Pollock |
|   |   | Christopher J. Pulido |
|   |   | Anna M. Targowska |
|   |   | Attorneys for Defendants |
|   |   | Vista Outdoor, Inc. and CamelBak Products LLC |

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  */s/ Cheryl T. Burgess*
Cheryl T. Burgess

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

Honorable P. Casey Pitts

# EXHIBIT A

| Event | Proposed Date |
|---|---|
| Case Management Conference | **12/7/23** |
| Parties may amend pleadings pursuant to Rule 15 without leave of court | **12/21/23** |
| Disclosure of Asserted Claims and Infringement Contentions per Patent L.R. 3-1 and 3-2. | **12/21/23** <br> 14 days after the Initial Case Management Conference |
| Invalidity Contentions per Patent L.R. 3-3 and 3-4. | **1/22/24** <br> 45 days after service upon it of the Disclosure of Asserted Claims and Infringement Contentions |
| Exchange of Proposed Terms for Construction per Patent L.R. 4-1(a). | **2/5/24** <br> 14 [+1] days after service of the Invalidity Contentions |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence per Patent L.R. 4-2. | **2/26/24** <br> 21 days after Exchange of Proposed Terms |
| Damages Contentions, per Patent L.R. 3-8 | **3/12/24** <br> 50 days after service of the Invalidity Contentions |
| Joint Claim Construction and Prehearing Statement and Expert Reports per Patent L.R. 4-3 | **3/22/24** <br> 60 days after service of the Invalidity Contentions |
| Responsive Damages Contentions, per Patent L.R. 3-9 | **4/11/24** <br> 30 days after service of the Damages Contentions |
| Completion of Claim Construction Discovery per Patent L.R. 4-4. | **4/22/24** <br> 30 [+1] days after service and filing of the Joint Claim Construction and Prehearing Statement |
| Opening Claim Construction Brief per Patent L.R. 4-5(a). | **5/6/24** <br> 45 days after serving and filing the Joint Claim Construction and Prehearing Statement |
| Responsive Claim Construction Brief per Patent L.R. 4-5(b). | **5/20/24** <br> 14 days after service upon it of an opening brief |
| Reply Claim Construction Brief per Patent L.R. 4-5(c). | **5/28/24** <br> 7 [+1] days after service upon it of a responsive brief |
| Claim Construction Hearing, per Patent L.R. 4-6. | **6/10/24** <br> Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief |

| | |
|---|---|
| Damages Contentions Meeting, per Patent L.R. 3-10 | **6/10/24**<br>60 days after the response date for any required disclosure under Rule 3-9 |
| Case Management Conference to set further deadlines | Subject to the convenience of the Court's calendar, the first Thursday at least two weeks after the Court's claim construction order |
| Advice of Counsel Disclosure per Patent L.R. 3-7. | 30 days after service by the Court of its Claim Construction Ruling |